17-535-cv
Lin v. New York State Department of Labor

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 25th day of April, two thousand eighteen.

Present:     RALPH K. WINTER,
             ROSEMARY S. POOLER,
             DEBRA ANN LIVINGSTON,
                          *Circuit Judges.*

_____

HUA LIN,

                          *Plaintiff-Appellant*,

          v.                                            17-535-cv

NEW YORK STATE DEPARTMENT OF LABOR,

                          *Defendant-Appellee*.

_____

Appearing for Appellant:     Meredith A. Moriarty, Smith Hoke, PLLC (John J. Hoke, *on the brief*), Albany, N.Y.

Appearing for Appellee:     Brian D. Ginsberg, New York State Office of the Attorney General (Barbara D. Underwood, Victor Paladino, *on the brief*), *for* Eric T. Schneiderman, Attorney General of the State of New York, Albany, N.Y.

Appeal from the United States District Court for the Northern District of New York (Kahn, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiff-Appellant Hua Lin appeals from the February 1, 2017 judgment entered by the United States District Court for the Northern District of New York (Kahn, *J.*) dismissing her Title VII retaliation claim, and granting summary judgment in favor of Defendant-Appellee New York State Department of Labor ("DOL"). Lin brought suit alleging that DOL retaliated against her for filing a discrimination lawsuit by failing to consider her for a new position. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"We review de novo a district court's grant of a motion for summary judgment." *Walsh v. New York City Hous. Auth.*, 828 F.3d 70, 74 (2d Cir. 2016).

Title VII includes an anti-retaliation provision which makes it unlawful "for an employer to discriminate against any … employee[ ] or applicant[ ] … because [that individual] opposed any practice" made unlawful by Title VII or "made a charge, testified, assisted, or participated in" a Title VII investigation or proceeding. 42 U.S.C. § 2000e–3(a). The burden shifting analysis established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), applies to retaliation claims brought pursuant to Title VII. *See Terry v. Ashcroft*, 336 F.3d 128, 140-41 (2d Cir. 2003). "Once the plaintiff has established a prima facie showing of retaliation, the burden shifts to the employer to articulate some legitimate, non-retaliatory reason for the employment action." *Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 845 (2d Cir. 2013). If the employer provides such a reason, then the plaintiff must show that the "non-retaliatory reason is a mere pretext for retaliation." *Id.* Further, "Title VII retaliation claims must be proved according to traditional principles of but-for causation." *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013). Since but-for causation is now required, "[i]t is not enough that retaliation was a substantial or motivating factor in the employer's decision. *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 90-91 (2d Cir. 2015) (internal quotation marks omitted).

We agree with the district court that no genuine issue of material fact remains for trial. DOL has provided a legitimate reason for its actions: namely, Lin's poor performance in her first position with DOL, which culminated in her firing. Lin's deteriorating performance in her first position is well-documented in a series of performance reviews, which reflect a steady increase in both Lin's error rate and need for supervisor intervention, well exceeding the needs of peer employees. The performance reviews and Lin's firing all predate the protected conduct that underlies this suit. The position that Lin ultimately was not considered for carried greater responsibilities than her first position. Accordingly, DOL asserts that Lin's poor performance in her first position demonstrated that she would not be capable of succeeding in the second position.

To rebut this assertion, Lin relies principally on emails sent by her former supervisor, which indicate that the supervisor may have harbored retaliatory animus and sought to prevent Lin's consideration for a new position. Our cases "recognize that the impermissible bias of a single individual at any stage of the promoting process may taint the ultimate employment decision in violation of Title VII." *Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 450 (2d Cir. 1999), *as amended on denial of reh'g* (Dec. 22, 1999). Lin agrees that the ultimate authority over hiring decisions was not held by the former supervisor. However, "[a] Title VII plaintiff is entitled to succeed, even absent evidence of illegitimate bias on the part of the ultimate decision maker, so

long as the individual shown to have the impermissible bias played a meaningful role in the process." *Ya-Chen Chen v. City Univ. of New York*, 805 F.3d 59, 70 n. 7 (2d Cir. 2015) (quoting *Holcomb v. Iona Coll.*, 521 F.3d 130, 143 (2d Cir. 2008) (ellipses omitted)). But this is where Lin's claim falters. Lin has not presented evidence that would tend to demonstrate that the former supervisor had a meaningful role in the hiring process. The emails were sent two years before Lin became legally eligible for a position. And there is no indication that the final decision maker was influenced by the former supervisor. For example, there is nothing in the record that would tend to show that the decision maker relied on the emails, *see Tolbert v. Smith*, 790 F.3d 427, 434 n. 4 (2d Cir. 2015), or was manipulated by the former supervisor, *see Vasquez v. Empress Ambulance Serv., Inc.*, 835 F.3d 267, 272 (2d Cir. 2016). Thus, on this record, it does not appear to us that the former supervisor tainted the hiring process sufficiently to raise a triable issue of fact on the question of whether retaliatory animus was a but-for cause in DOL's decision to not consider Lin.

Lin also asserts that DOL's explanation for its failure to hire her has shifted. "A plaintiff may prove that retaliation was a but-for cause of an adverse employment action by demonstrating weaknesses, implausibilities, inconsistencies, or contradictions in the employer's proffered legitimate, nonretaliatory reasons for its action." *Kwan*, 737 F.3d at 846. Here, DOL first reported to the EEOC that Lin was not considered because she was not legally eligible for a position, and made no reference to Lin's poor performance. This was true, but only in part: several positions arose after Lin's firing that she was not legally eligible for, but ultimately she was eligible for one. Though DOL's failure to provide a full accounting in its response to the EEOC is troublesome, this incomplete explanation is in no way incompatible with the explanation that DOL urges here—that it did not consider Lin for a specific position because of her prior history as an employee. Further, Lin's poor performance and ultimate firing are well-documented, and thus do not evince similar "implausibilities" and "inconsistencies" to those we have previously found to raise a triable issue of fact. *Id.* at 846-47 (triable issue of fact found where employer first claims employee was fired due to changes in business operations, then later adopts view that poor performance was cause of firing).

Finally, Lin has also submitted evidence that DOL interviewed or employed two individuals who performed worse than she did on the civil service exam. However, neither individual had Lin's record of poor performance as a DOL employee, and thus do not appreciably assist her contention that DOL was acting out of retaliatory animus, rather than in reaction to her work history, when it decided against considering her for the position.

We have considered the remainder of Lin's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED. Each side to bear its own costs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3